UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROLLY DULWORTH,

    Petitioner,

    v.                       CAUSE NO. 3:22-CV-840-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Rolly Dulworth, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (JCU-21-9-22) at the Edinburgh Correctional Facility in which a disciplinary hearing officer found him guilty of using a controlled substance in violation of Indiana Department of Correction Offense 202 andd sanctioned him with a loss of ninety days earned credit time and a demotion in credit class. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Dulworth argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of using controlled substances. He says that the administrative record contained no medical evidence or photographs of the controlled substance.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the

> findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, can be sufficient to satisfy the "some evidence" standard. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a sergeant represented that he went to Mr. Dulworth's dormitory in response to a call for emergency assistance and that he recorded the interaction with a handheld video camera. He saw Mr. Dulworth lying unconscious on the floor covered in vomit. He used a sternum rub to awaken Mr. Dulworth, who was "dazed, lethargic, and unable to answer [his] questions." Based on his experience and training as a correctional sergeant, he determined that Mr. Dulworth was under the influence of a controlled substance. The administrative record also contains a summary of the video recording, which was consistent with the conduct report and further noted Mr. Dulworth's slurred speech. Notwithstanding the absence of medical evidence or photographs of the controlled substance, the conduct report and the video recording summary constitute some evidence that Mr. Dulworth used a controlled substance. Therefore, this claim is not a basis for habeas relief.

Mr. Dulworth further argues that he is entitled to habeas relief because facility officials didn't respond to his administrative appeal as departmental policy requires and because departmental officials declined to review his administrative appeal

2

without records of his appeal at the facility level. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to administrative appeal is not included among them. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974); White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). The failure to follow departmental policy alone doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). This claim isn't a basis for habeas relief.

Mr. Dulworth doesn't need a certificate of appealability to appeal this decision, because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case couldn't be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Rolly Dulworth leave to appeal in forma pauperis.

SO ORDERED on October 18, 2022

                                     s/ Robert L. Miller, Jr.
                                     JUDGE
                                     UNITED STATES DISTRICT COURT